UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

BETTY E. LOVELACE,           )
                             )
    Plaintiff,              )
                             )
v.                           )    Civil No.: 1:14-CV-25
                             )    Judges Collier/Lee
BELK INC., *et al.*,         )
                             )
    Defendants.             )

## **M E M O R A N D U M**

Before the Court is Defendants Belk, Inc., MD Ruston Properties, LLC and The Shane Morrison Companies, LLC's (collectively "Defendants") motion for summary judgment (Court File No. 19). Plaintiff filed a motion to extend her time to respond (Court File No. 23) which the Court granted (Court File No. 28). Plaintiff's response was due July 1, 2015 (Court File No. 28). Plaintiff has not responded. For the reasons set forth below, the Court will **GRANT** Defendants' motion for summary judgment (Court File No. 19).

### I. BACKGROUND

Plaintiff suffered a fall while she was shopping with her daughter at the Belk Store in Bradley Square Mall in Cleveland, Tennessee on December 17, 2012. She asserts a claim for negligence against Defendants. The case was originally filed in state court and Defendants removed on the basis of diversity jurisdiction.

### II. STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Indeed, a "[plaintiff] is not entitled to a trial on the basis of mere allegations." *Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *2–3 (E.D. Tenn. Nov. 4, 2009) (explaining the court must determine whether "the record contains sufficient facts and admissible evidence from which a rational jury could reasonably find in favor of [the] plaintiff"). In addition, should the non-moving party fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should grant summary judgment. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

2

### III. ANALYSIS

To prevail on a negligence claim in Tennessee, the Plaintiff must prove five elements: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation." *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998).

The owner of a premises must exercise reasonable care with respect to business invitees. *Id*. While business owners "are not the insurers of their customers' safety," they do have a responsibility to "maintain[] the premises in a reasonably safe condition either by removing or repairing potentially dangerous conditions or by helping customers and guests avoid injury by warning them of the existence of dangerous conditions that cannot, as a practical matter, be removed or repaired." *Psillas v. Home Depot, U.S.A., Inc.*, 66 S.W.3d 860, 864 (Tenn. Ct. App. 2001). A business owner does not have "the responsibility to remove or warn against conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care." *Rice*, 979 S.W.2d at 309 (internal quotations omitted). "In order for an owner or operator of premises to be held liable for negligence in allowing a dangerous or defective condition to exist on its premises, the plaintiff must prove, in addition to the elements of negligence, that: 1) the condition was caused or created by the owner, operator, or his agent, or 2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident*." Blair v. W. Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004). The mere fact that a defect or danger was present is insufficient to establish liability unless a jury could reasonably conclude that the nature or duration of the defect was such that the defendant, in the exercise of due care, should have discovered it. *Rice*, 979 S.W.2d

at 309.

Plaintiff has failed to meet her burden to put forth evidence from which a jury could conclude that Defendants breached their duty of care. Plaintiff alleged in her complaint that the flooring was latently dangerous and that Defendants failed to properly maintain the flooring (Court File No. 1-1 ¶¶ 13–14). In her deposition, Plaintiff stated that she got her foot caught in a tiny crack in the flooring causing her to fall (Court File No. 19-1, Plaintiff Depo. 16). As evidence supporting their motion for summary judgment, Defendants submitted pictures of the floor where Plaintiff fell in the condition it was when the Plaintiff fell (Court File No. 20-1, Hardwick Aff. Ex. 1). Plaintiff has put forth no evidence calling the veracity of these pictures into question. These pictures depict a pristine tile floor with no evidence of any unevenness, cracks, or other defects that might have caused Plaintiff's fall (*see id.*).

Assuming that there was a crack in the floor, a business owner has no duty "to remove or warn against conditions from which no unreasonable risk was to be anticipated," or which the owner neither "knew about nor could have discovered with reasonable care." *Rice v. Sabir*, 979 S.W.2d 305, 309 (Tenn. 1998). The mere fact that Plaintiff fell is insufficient to establish breach. Plaintiff has presented no evidence tending to show that Defendants either knew or should have been aware of the alleged crack in the floor. No reasonable jury could conclude that the generic tile floor presented an unreasonable risk or that Defendant knew or should have discovered with due care that the floor presented an unreasonable risk. Therefore, no reasonable jury could find that Defendants breached their duty to Plaintiff on the basis of the evidence submitted.

Plaintiff also asserts a negligence claim under the theory of *res ipsa loquitor*. "Res ipsa loquitur is a rule of evidence not a rule of law. It is intended to come to the aid of plaintiffs who

4

have no direct evidence of a defendant's negligence, by providing a specialized vehicle for considering circumstantial evidence in negligence cases." *Burton v. Warren Farmers Co-op*, 129 S.W.3d 513, 525 (Tenn. Ct. App. 2002) (internal citations omitted). "The primary function of the res ipsa loquitur doctrine is to enable the trial judge to determine whether the evidence entitles the plaintiff to go to the jury." *Ford v. Roddy Mfg. Co.*, 448 S.W.2d 433, 437 (Tenn. Ct. App. 1969). The classic statement of *res ipsa loquitur* reads as follows:

> It is an established rule, known as the doctrine of res ipsa loquitur, that, where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of due care.

*Kidd v. Dunn*, 499 S.W.2d 898, 899 (Tenn. Ct. App. 1973) (quoting 65A C.J.S. Negligence § 220.2). Simply stated, to establish *res ipsa loquitur* applies: "(1) there must be a 'thing' causing an injury; (2) that 'thing' must be under the exclusive management and control of the defendant or its servants; and (3) the 'thing' must be shown to be of such a nature that injury does not ordinarily result from its careful management." *Armes ex rel. Armes v. Hulett*, 842 S.W.2d 427, 432-33 (Tenn. Ct. App. 1992). A court's determination of whether *res ipsa loquitur* applies is a "common sense appraisal of the probative value of circumstantial evidence." *Boykin v. Chase Bottling Works*, 222 S.W.2d 889, 896 (Tenn. Ct. App. 1949).

Here, the Court has no trouble concluding that *res ipsa loquitor* does not apply. It is common knowledge that people routinely fall through no one's fault but their own. Indeed, Plaintiff's daughter testified that Plaintiff, an eighty seven year old woman, had herself had several falls prior to the instant fall (Court File No. 19-2 pp. 8–9, 13). It cannot be said that a fall is not the sort of injury that results absent a failure to exercise due care by the business owner. The Court thus concludes *res ipsa loquitor* does not apply to this case.

5

The Court will thus **GRANT** Defendants' motion for summary judgment because Plaintiff has failed to meet her burden of production as to the elements of her negligence claim.

IV. **CONCLUSION**

For the foregoing reasons, the Court will **GRANT** Defendants' motions for summary judgment (Court File No. 19).

**An order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

6